JUSTICE GRAY
concurs and dissents.
¶63 I concur in the Court’s opinion on issue two, which relates to the District Court’s denial of Weaver’s motion to dismiss. I respectfully dissent from that opinion on issue one and, because I would not reverse and remand for a new trial on that issue, I would reach the merits of issue three and affirm the District Court’s evidentiary rulings regarding the testimony of Shawn Trontel and Judy Starr.
¶64 It is my view that the Court errs in reaching the merits of issue one, which is whether the District Court erred in failing to more specifically instruct the jury. The basis of my dissent on this issue was set forth in my special concurring opinion in Finley and need not be repeated at length here. Suffice it to say that the Court oversteps its bounds under the separation of powers on which our three-branch government rests when it continues to ignore § 46-20-701, MCA, a *77 statute duly enacted by the Montana Legislature. Absent a successful constitutional challenge to that statute, it is our duty to apply the statute according to its terms. Doing so here mandates that we decline to address the first issue because no contemporaneous objection was made in the District Court and, under § 46-20-701, MCA, the objection is waived unless it meets one of the exceptions set forth in subsection (2) of the statute. As the Court correctly states, Weaver’s claim unquestionably does not fall within any of the narrow statutory exceptions. That should be the end of our inquiry, yet the Court goes on to apply the “common law plain error doctrine.”
¶65 It is disingenuous for the Court to reiterate that “[w]e have consistently held that we will not consider issues raised for the first time on appeal when the appellant had the opportunity to make an objection,” and then go on to apply a common law doctrine which is in derogation of a duly enacted statute and which allows it to “opt out” of both purportedly consistent holdings and its obligation to apply statutes passed by the Legislature. Unfortunately, the Court’s continued willingness to do so effectively precludes, as a practical matter, a constitutional challenge to § 46-20-701, MCA. No lawyer would bother to advance such a challenge for the Court’s consideration when it is clear that the statutory hurdle need not be overcome.
¶66 I would apply our “consistent” holdings and refuse to consider issue one. Weaver had an opportunity to make an objection about the jury instructions at trial and failed to do so. Nor does his failure to object fall within one of the statutory exceptions to the rule that alleged error not objected to cannot be noticed on appeal. Under such circumstances, our obligation is clear and I dissent from the Court’s refusal to discharge that obligation.
CHIEF JUSTICE TURNAGE concurs in the foregoing concurrence and dissent.